UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 15-10150-GAO

UNITED STATES OF AMERICA,

v.

MITCHELL DANIELLS,
Defendant.

ORDER SUSTAINING DETENTION
August 1, 2016

O'TOOLE, D.J.

The defendant, Mitchell Daniells, previously consented to detention without prejudice to his later moving for release on conditions. He brought such a motion on May 25, 2016, which the government duly opposed. After hearing, the Magistrate Judge denied the defendant's motion on June 17. On June 23, the defendant sought review of that order pursuant to 18 U.S.C. § 3145, and I held a hearing on the appeal on June 30. The next day, I asked the assigned probation officer to provide an updated pretrial services report which would, among other things, evaluate the suitability of potential residences, custodians, and employment opportunities. On July 25, the probation officer submitted to the Court a supplemental report in the form of a third-party custodian investigation memorandum. I directed the probation officer to provide the memorandum to the parties, who have now submitted supplemental memoranda regarding the issue of release.

After consideration of the record and all the relevant materials submitted by the probation officer and the parties, I decline to revoke or amend the detention order entered by the Magistrate Judge.

I agree with the Magistrate Judge that the defendant has not rebutted the presumption of dangerousness and the government has met its burden substantially for the reasons expressed by the Magistrate Judge in her detention order.

I actually disagree with the Magistrate Judge's conclusion that the defendant had rebutted the presumption of risk of flight. While both his mother and sister themselves have stability in their residence and employment, their offer to act as custodians is too undefined. Based upon the probation officer's investigation, it appears that both of them would be away from the residence during normal working hours, so that there would be no on-site "custodian" for the defendant at all. It is significant that the mother's residence is the same place the defendant was residing at the time the charged offense is said to have occurred and that a search of the apartment yielded what is likely substantial evidence against the defendant. Moreover, the defendant's history reveals that he has multiple likely contacts outside of Massachusetts, including an alleged straw buyer of handguns in Pennsylvania. The defendant's proposal essentially is that he will voluntarily abide in Massachusetts at his mother's residence. That assurance is not much more than a kind of personal recognizance.

I might add that the affidavits from former employers that they would gladly rehire him "subject to a background check" give small assurance indeed. We know what a background check would show.

The defendant's Appeal of Magistrate Judge's Ruling Denying Him Pretrial Release on Conditions (dkt. no. 74) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge