UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 15-10150-GAO

UNITED STATES OF AMERICA,

v.

MITCHELL DANIELLS,
Defendant.

FINDINGS AND ORDER
June 8, 2017

O'TOOLE, D.J.

On June 18, 2015, the defendant, Mitchell Daniells, was arrested on an arrest warrant issued in this case. (See Arrest Warrant (dkt. no. 4).) He has moved to suppress evidence obtained from an examination of a cellular telephone which he contends was unlawfully seized "from his place of work" at the time of his arrest. (Mot. & Mem. of Law in Supp. of His Mot. to Suppress Evid. Seized from His Place of Work, Following an Arrest of His Person 1 (dkt. no. 138).) In an affidavit offered in support of his motion, the defendant asserts that the cell phone was seized from a knapsack which was taken from his locker at his workplace. (Id. Ex. 1 (Aff. of Mitchell Daniells) ¶¶ 6–7 (dkt. no. 138-1).)

An evidentiary hearing was held June 5, 2017. The government presented evidence in support of its position that the cell phone was seized from Daniells' person at the time of his arrest on the warrant and that the seizure was the result of a lawful search incident to that arrest. At the close of the evidence, the defendant conceded that *if* the cell phone had in fact been seized from his person as the government's witnesses testified, the seizure would have been lawful as a search incident to the arrest. He contended, however, that the government's evidence should not be

regarded as reliable or convincing, and that the government had not proved, as was its burden, that the cell phone was lawfully seized pursuant to a search of his person incident to his arrest.

After consideration of the evidence adduced at the hearing and the arguments of counsel, I find as a matter of fact that the cell phone was taken from Daniells' person in the course of a routine pat-down search conducted incident to his arrest pursuant to the warrant. The testimony of Bureau of Alcohol, Tobacco, Firearms, and Explosives Agent Daniel McPartlin and Framingham Police Detective Steven Patriarca supports that finding. Agent McPartlin testified the he recovered a cell phone from Mr. Daniells' person when he patted him down during the arrest and placed it on the corner of a nearby desk. Detective Patriarca testified in relevant part that he observed Agent McPartlin conduct the pat-down and place on the desk the items he retrieved.

Importantly, that testimony is corroborated by a log of calls and messages made from and to the cell phone in question on the day of the arrest. (Mot. Hr'g Ex. 4.) The agents' testimony was that the events culminating in Daniells' arrest occurred around 8:00 a.m. on June 18, 2015. The phone log indicates that both outgoing and incoming messages were being sent and received on June 18, 2015, starting at about 6:15 a.m. until almost 8:30 a.m. (Id., lines 321–86.) The last outgoing message, that is, one sent by Daniells, occurred at 8:26 a.m. (Id., line 386.) After that, there are no outgoing messages from the cell phone for the rest of the day, while there are a number of incoming messages. That evidence supports two important conclusions. First, the fact of an outgoing message at about 8:30 a.m. indicates that Daniells was actively using the cell phone until then, which is consistent with the general description of the events of his arrest given by all the witnesses at the hearing. Specifically, that fact is consistent with his being in personal possession of the cell phone at that time and is inconsistent with the suggestion that the cell phone was in a knapsack in a locker in another building before it was seized. Second, the absence of any outgoing

activity thereafter is consistent with Daniells' having lost possession of the cell phone around 8:30 a.m., a fact that is consistent with the testimony concerning the events of the arrest and seizure.[1]

Finally, the testimony of a lay witness, the manager of the trucking company where the defendant worked and where the arrest occurred, generally corroborates the agents' version of the arrest and search. He was present at the time of the arrest, which occurred in his office, and although he did not remember specifically the items taken from the defendant's person, he did confirm the agents' testimony concerning the pat-down search and the retrieval of some items from the defendant as a result.

For these reasons, I find and conclude that the cellular telephone in question was lawfully seized from the person of the defendant during a valid, though warrantless, search of his person incident to his arrest. See United States v. Robinson, 414 U.S. 218, 235 (1973). Accordingly, his motion to suppress the fruits of that search is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] He was booked at 8:45 a.m. at the Framingham Police Department, a few minutes away from the place where he was arrested. (Mot. Hr'g Ex. 6 at 2.)