UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )  Docket No.
)
v. )
)
)
Mitchell Daniells )
)
)

MOTION FOR APPOINTMENT OF SUBSTITUTE COUNSEL

Now comes the defendant Mitchell Daniells, (Daniells), pro se, in the above captioned matter who hereby requests that this Honorable Court dismiss my attorney, Gordon W. Spencer Esq., (Spencer), whom I retained. Daniells avers and states applicable reasoning for his request as follows:

1. That I have been held in custody of the U.S Marshalls Service, (Marshalls), since June 18, 2015 following my arrest and subsequent detention hearing.

2. From our first meeting I explained my limited finances due to incarceration to Spencer, who then promised my family and I he can secure my pretrial release, (which was a major factor in deciding to retain him) and ample time to explore a defense we both agreed upon. He reneged on our agreement, breaching the contract we had, demanding payment before filing the motion for pretrial release due to change of circumstance, in direct contrast to our original understanding, knowing the vast majority of funds I had have been turned over to him.

3. It has become apparent our personalities clash, creating an unhealthy environment especially while attempting to strategize. Spencer, refused to obtain expert witnesses and records from Apple Inc and AT&T, knowing they can not be brought up later if not

Pg.1

MASC Cont.

on the original motion. His negligence resulted in additional damaging testimony against me, that wasn't likely had he not been careless. During the suppression hearing in June 2017, in writing he threatened to "fry" me "on the stand" if I invoked my right, the Fifth amendment against self incrimination, potentially further crippling my defense. He does not deny or contest said threats, for my handwritten notes are on the typed sheet of questions he prepared for my cross examination he showed my day of, where the threats are made in bold red ink. Since then he has not responded to my letters to date, visited and or pick up his phone. We've spoken very seldomly on the phone in the past six to seven months. It is more than frustrating to be in my situation and to have representation, in this very serious case freeze out communication with me.

4. Aside from the need to set the record straight, mounting communication issues, threats, insults and the complete disregard for my questions and concerns, his attitude toward its resolution is frightening. It is his belief and assumption that I will be pleading guilty. He has no intention of challenging any of the issues that I feel merit both technical and material opposition.

5. In closing, there seems to be no road we can travel together in this matter. Even if I would consider changing my plea I lack the basic understanding for which to base the informed and intelligent decision upon. I have many unanswered questions, to make matters worse not responding to the last few letters, visiting and or picking up the phone, has made it impossible to ask questions, and this ineffective attorney ineptness attacks the very heart of the U.S. Constitutions Due Process Clause.

Wherefore, this defendant requests that this Honorable Court appoint me predecessor counsel familiar with the case or entirely different competent counsel to advise me.

Pg. 2

## AFFIDAVIT IN SUPPORT OF MOTION

I, Mitchell Daniells, do hereby depose and state as follows:

6. That I Mitchell Daniells, am the defendant in the aforementioned matter.

7. That I have made all statements truthfully, and to the best of my knowledge.

8. That my intentions for this motion are to obtain a just, fair and timely resolution to this matter.

9. That I ask for this motion to be submitted as a "last ditch effort" having tried to reconcile the problem between myself and Spencer to no avail.

## MEMORANDUM OF LAW

In representing a criminal defendant, Counsel owes a client, a duty of loyalty, a duty to avoid conflicts of interest, a duty to advocate the defendants cause, a duty to consult with defendant on important decisions, a duty to keep a defendant informed of important developments in the course of the prosecution, and a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. See Cuyler v. Sullivan, supra, at 346, 64 L ED 2d 333, 100 S. Ct. 1708; Powell v. Alabama, 287 US, at 68-69, 77 L ED 158, 53 S. Ct. 55, 84 ALR 527, Cited in Strickland v. Washington, 466 US 668, 80 L ED 2d 674, 104 S. Ct. 2052 (1984).

## PRAYERS FOR RELIEF

10. Dismiss attorney Spencer and appoint new counsel as this Honorable Court so deems.

11. Order any other relief as this Honorable Court deems as just and fair.

Respectfully Submitted,

*/s/ Mitchell Daniells*

Mitchell Daniells, pro se

## PROOF OF SERVICE

I, Mitchell Daniells, pro se, do hereby certify that on this date, 24th of January 2018, I did mail first class by the US Postal Service the foregoing to all applicable Parties.

*/s/ Mitchell Daniells*

Mitchell Daniells, pro se

The Commonwealth of Massachusetts
On this 24 day of JANUARY 20 18, before me, the undersigned notary public, personally appeared MITCHELL DANIELLS, proved to me through satisfactory evidence of identification, which were JAIL ID, to be the person whose name is signed on the preceding or attached document who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief.

ROBERT J. LALIBERTE, Notary Public
My Commission Expires May 2, 2019

Pg. 4